**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ELIN PHIFER,
  *Plaintiff-Appellant,*

v.

ICELANDAIR, AKA Icelandair
Northamerica,
  *Defendant-Appellee.*

No. 09-56858

D.C. No.
2:08-cv-06561-
ODW-CW

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted
February 17, 2011—Pasadena, California

Filed July 26, 2011
Amended September 1, 2011

Before: Pamela Ann Rymer and Jay S. Bybee,
Circuit Judges, and Gordon J. Quist,
Senior District Judge.*

Opinion by Judge Bybee

---

*The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for Western Michigan, Grand Rapids, sitting by designation.

## COUNSEL

Andrew N. Chang and Stuart B. Esner, Esner & Chang, Glendale, California; Richard C. Devirian, Torrance, California, for the appellant.

Michael A. Hession, Kevin R. Sutherland, and Nicholas S. Lieberknecht, Clyde & Co, San Francisco, California, for the appellee.

## ORDER

The opinion filed on July 26, 2011, slip op. 9601 and available at 2011 WL 3076393, is amended as follows:

> 1. At slip op. 9605, footnote 2 and the accompanying text should be deleted: "This element requires us to find that the television monitor's being down was both (1) an "event" and (2) "unexpected or unusual." The only issue before the district court was the "unexpected or unusual" determination. In its response on appeal, Icelandair raised a second argument—that the television monitor's being down was neither "unexpected or unusual" nor an "event" under Article 17. Because Icelandair did not raise its "event" argument before the district court, we will not review it here. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]n appellate court will not consider issues not properly raised before the district court."). Accordingly, we here address only the issue of whether the television monitor's being down was "unexpected or unusual." "

With this amendment, the panel has voted to deny the petition for panel rehearing.

The petition for panel rehearing is DENIED.

No further petitions for panel rehearing or rehearing en banc will be considered.

---

## OPINION

BYBEE, Circuit Judge:

Today we clarify that a plaintiff does not have to prove that an airline violated an Federal Aviation Administration ("FAA") standard to establish that there was an "accident" under Article 17 of the Convention of the Unification of Certain Rules Relating to International Transportation by Air ("Montreal Convention"). Because the district court held otherwise, requiring the plaintiff to provide evidence the airline had failed to meet FAA requirements in order to survive summary judgment, we reverse and remand.

I

After entering her assigned row on Icelandair Flight No. 656, Appellant Elin Phifer bent over, placed two carry-on bags under the seat in front of hers, stood up, and struck her head on an overhead television monitor, which was extended in the down position. Phifer collapsed and was assisted to her seat by her husband and an Icelandair flight attendant.

Phifer sued Icelandair in federal district court, alleging that Icelandair was liable for her injuries under Article 17 of the Montreal Convention, which establishes that air carriers are liable for accidents that occur to passengers while they are boarding, aboard, or disembarking aircraft. S. Treaty Doc. No. 106-45, *33.

The district court granted summary judgment on behalf of Icelandair because "even *assuming* a departure from [Icelandair's] own policies or, possibly, industry standards, [Phifer] ha[d] still not provided any evidence that [Icelandair]'s conduct was in violation of any FAA [Federal Aviation Administrative] requirements," rendering any dispute "immaterial." Phifer appeals.

## II

**[1]** Article 17 of the Montreal Convention reads in its entirety:

> The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

*Id.* at *33. The Supreme Court has defined "accident" for purposes of Article 17 as "an unexpected or unusual event or happening that is external to the passenger." *Air France v. Saks*, 470 U.S. 392, 405 (1985).[1] The Court has further clarified that "when the injury indisputably results from the passenger's own internal reaction to the usual, normal, and expected operation of the aircraft, it has not been caused by an accident, and Article 17 . . . cannot apply." *Id.* at 406.

The Court has directed us to focus our attention on the "accident *which caused* the passenger's injury, and not to [the]

---

[1]Although *Saks* addresses Article 17 of the Warsaw Convention of 1929, rather than Article 17 of the Montreal Convention of 1999, which governs here, for our purposes, any differences between the provisions are immaterial. *Compare* S. Treaty Doc. 106-45, *33 *with* 49 Stat. 3000 art. 17 (quoted in *Saks*, 470 U.S. at 397). We read *Saks* as applicable to our understanding of Article 17 of the Montreal Convention.

accident which *is* the passenger's injury." *Id.* at 398. This is because "[t]he text of the Convention . . . implies that, however we define 'accident,' it is the *cause* of the injury that must satisfy the definition rather than the occurrence of the injury alone." *Id.* at 399 (referring to Article 17's "accident which caused the death or injury" language). *See Olympic Airways v. Husain*, 540 U.S. 644, 646 (2004) (identifying the "accident" at issue as a flight attendant's refusal to reseat a smoke-allergic passenger).

*Saks* makes clear that here, Icelandair is only liable to Phifer if her injury was *caused* by an accident—in this case, the television monitor's being down during boarding. Accordingly, Icelandair is only liable if the television monitor's being in a down position during boarding (1) was an unexpected or unusual event or happening that (2) was external to Phifer and (3) caused her injuries. *See Caman v. Cont'l Airlines*, 455 F.3d 1087, 1090 (9th Cir. 2006). The parties here dispute only the first element. Therefore, we only review whether the district court properly determined that the television monitor's being in a down position during boarding was not "an unexpected or unusual event or happening." *Saks*, 470 U.S. at 405.[2]

**[2]** The district court below erred in granting summary judgment to Icelandair on the ground that, "even *assuming* a departure from its own policies or, possibly, industry standards, [Phifer] ha[d] still not provided any evidence that [Icelandair]'s conduct was in violation of any FAA requirements." Although FAA requirements may be relevant to the district court's "accident" analysis, they are not dispositive of it. We have never held that violation of FAA requirements is a prerequisite to suit under Article 17. *See Husain v.*

---

[2]We review de novo the district court's conclusions of law. *See Husain*, 316 F.3d at 835. Accordingly, we "review de novo the legal question of whether an 'accident' occurred" under Article 17. *Prescod v. AMR, Inc.*, 383 F.3d 861, 867 (9th Cir. 2004).

*Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002) (finding Article 17 liability without any evidence the airline failed to meet FAA requirements), *aff'd*, 540 U.S. 644 (2004); *Prescod v. AMR, Inc.*, 383 F.3d 861, 868 (9th Cir. 2004) (per curiam) (same). *See also Rodriguez v. Ansett Austl. Ltd.*, 383 F.3d 914, 919 (9th Cir. 2004) (noting the plaintiff had not submitted evidence of the airline's failure "to comply with any industry standard . . . *nor any other evidence [of an 'accident']*" (emphasis added)). The Supreme Court has suggested that a *per se* rule requiring a regulatory violation would be improper. *See Saks*, 470 U.S. at 405 ("[The 'unexpected or unusual' liability test] should be flexibly applied after assessment of all the circumstances surrounding a passenger's injuries.").

## III

**[3]** We reverse and remand so the district court can determine under the proper standard whether an Article 17 "accident" has occurred.

REVERSED AND REMANDED.