**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 6 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| VIMALABEN V. PATEL, | No. 17-55414 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-04205-FMO-PLA |
| v. | |
| SINGAPORE AIRLINES LIMITED, a foreign corporation, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| DOES, 1-100, inclusive, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted December 3, 2018**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: D.W. NELSON and WARDLAW, Circuit Judges, and PRATT,*** District Judge.

Vimalaben Patel appeals from the district court's order granting summary judgment in favor of Singapore Airlines Ltd. ("SIA"), on her state-law claim alleging negligence in her treatment in connection with a flight to India. Patel, an elderly woman, purchased round-trip airfare from SIA to travel from the United States to India. Prior to the departure, Patel lost her U.S. passport, so she brought her Indian passport, which bore a notation that the passport had been cancelled, to the airport instead. Patel presented her cancelled Indian passport at SIA's check-in counter, and SIA allowed her to board the flight. Upon Patel's arrival in India, India's Bureau of Immigration denied Patel entry into the country because of her invalid passport. Patel was required to immediately board another long flight back to the United States. Patel alleged that, as a result of this incident, she suffered severe back pain, emotional trauma, and headaches.

We review de novo a district court's determination of subject-matter jurisdiction and grant of summary judgment. *Gingery v. City of Glendale*, 831 F.3d 1222, 1226 (9th Cir. 2016); *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013). We also review a district court's interpretation of a

---

*** The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

2

treaty de novo. *Hosaka v. United Airlines, Inc.*, 305 F.3d 989, 993 (9th Cir. 2002). We affirm the district court's grant of summary judgment in favor of SIA.

We decline to address the parties' arguments with respect to whether the Montreal Convention completely preempts state-law claims because we are satisfied the district court had subject-matter jurisdiction over the action under 28 U.S.C. § 1332. Complete diversity of citizenship exists because Patel is a citizen of California and SIA is a corporation organized and existing under the laws of Singapore with its principal place of business in Singapore. *See* 28 U.S.C. § 1332(a). Further, in her state-court complaint, Patel sought damages in the amount of one million dollars, which exceeds the amount-in-controversy requirement. *See id.*

We thus proceed to the question of whether Patel's state-law claim for negligence "satisf[ies] the conditions for liability under the Convention." *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 176 (1999). It is well-settled that "[t]he treaty precludes passengers from bringing actions under local law when they cannot establish air carrier liability under the treaty." *Id.* at 175. Patel seeks damages for injuries she sustained on board one of SIA's flights. Her round-trip international flight with SIA unquestionably constitutes "international carriage" as that term is defined in Article 1(2) of the Montreal Convention. Therefore, her "action for damages . . . can only be brought subject to the conditions and such

3

limits of liability as are set out in [the] Convention." Montreal Convention art. 29; *see also Tseng*, 525 U.S. at 161; *Narayanan v. British Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014). Thus, in order for Patel to make a claim for negligence under California law, she must first prove SIA is liable under the Convention.

Patel asserts the Convention is not applicable because SIA cannot prove she was on board the aircraft or embarking or disembarking it when the alleged incident occurred. But, as the district court noted, this argument conflates the issues of applicability and liability. While the Convention's *applicability* rests on whether a passenger suffered "a personal injury . . . 'on board [an] aircraft or in the course of any of the operations of embarking or disembarking,'" *Tseng*, 525 U.S. at 161 (quoting Warsaw Convention art. 17), a carrier's *liability* depends on whether "the passenger proves that an 'accident' was the cause of her injury," *Air France v. Saks*, 470 U.S. 392, 396 (1985). There is no dispute Patel's alleged injuries occurred while on board SIA's aircraft. Thus, the Montreal Convention applies, and the inquiry now turns to whether SIA is liable for Patel's injuries.

Article 17 of the Convention provides a "carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Montreal Convention art. 17(1). Thus, a plaintiff seeking to hold an air carrier liable for

4

injuries she sustains must prove: (1) "there has been an accident," (2) the "accident" caused the plaintiff's injury, and (3) "the accident took place on board the aircraft or in the course of operations of embarking or disembarking." *E. Airlines, Inc. v. Floyd*, 499 U.S. 530, 535–36 (1991).

An "accident" for purposes of Article 17 is defined as "an unexpected or unusual event or happening that is external to the passenger." *Phifer v. Icelandair*, 652 F.3d 1222, 1223 (9th Cir. 2011) (quoting *Saks*, 470 U.S. at 405). The Supreme Court has advised that "[t]his definition should be flexibly applied after assessment of all the circumstances surrounding a passenger's injuries." *Saks*, 470 U.S. at 405. However, the Court has cautioned that "when the injury indisputably results from the passenger's own internal reaction to the usual, normal, and expected operation of the aircraft, it has not been caused by an accident." *Id.* at 406. Whether the air carrier was negligent is not relevant because we must examine "the nature of the event which *caused* the injury rather than the care taken by the airline to avert the injury." *Id.* at 407.

Here, the "accident" that Patel claims to have occurred was SIA allowing her to board its plane after she presented her cancelled Indian passport. The Court has held, "it is the *cause* of the injury . . . rather than the occurrence of the injury alone" that determines whether there has been an "accident." *Id.* at 399. And what caused Patel's injury in this case is her knowing failure to travel with a valid

5

passport, not SIA's decision to allow her to fly without one.  Thus, Patel cannot demonstrate SIA created an "accident"—"external" to her—that caused her alleged injuries; therefore, SIA cannot be held liable.

Accordingly, we affirm the district court's decision concluding Patel failed to establish that SIA is liable for her alleged injuries under Article 17 of the Montreal Convention.

**AFFIRMED.**