17-2903-cv
*1077 Madison Street, LLC v. March, et al.*

# In the
# United States Court of Appeals
# For the Second Circuit

August Term, 2018

Argued: August 23, 2018
Decided: March 30, 2020

Docket No. 17-2903-cv

1077 MADISON STREET, LLC,
*Plaintiff-Appellee,*

V.

LEAFORD DANIELS, MYRTLE G. DANIELS, MARY R. CARTER, CITY
OF NEW YORK ENVIRONMENTAL CONTROL BOARD, CITY OF NEW
YORK PARKING VIOLATIONS BUREAU, JOHN AND JANE DOE 1
THROUGH 10, INCLUSIVE, THE LAST TEN NAMED PERSONS BEING
UNKNOWN TO PLAINTIFF, THE PERSONS AND PARTIES INTENDED
BEING THE TENANTS, OCCUPANTS, PERSON, ENTITIES OR
CORPORATIONS, IF ANY, HAVING OR CLAIMING ANY INTEREST IN
THE PREMISES LOCATED AT 9905 194TH STREET, HOLLIS,
*Defendants,*

DONOVAN MARCH,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of New York
No. 14-cv-4253 – Joan M. Azrack, *Judge.*

Before: PARKER, HALL, and LOHIER, *Circuit Judges*.

Defendant-Appellant Donovan March challenges various orders of the District Court granting summary judgment in favor of Plaintiff-Appellee and holding March liable for interest at a default rate of 24 percent per annum dating back to February 1, 2008. For the reasons that follow, we AFFIRM the District Court's multiple orders.

AFFIRMED.

PATRICK I. O'KEKE, O'keke & Associates, PC, Brooklyn, NY (Craig K. Tyson, Law Office of Craig K. Tyson, New York, NY, *on the brief*) *for Defendant-Appellant*.

SAMUEL KATZ, Law Office of Samuel Katz PLLC, Brooklyn, NY, *for Plaintiff-Appellee*.

PER CURIAM:

Donovan March appeals from an August 28, 2015 order, revised on October 26, 2015, of the United States District Court for the Eastern District of New York (Gleeson, *J.*) granting summary judgment in favor of 1077 Madison Street, LLC ("Madison Street") and a November 6, 2015 order of that court denying March's related motion for reconsideration; a March 29, 2017 order of that court (Azrack, *J.*) confirming the report of a court-appointed referee; a June 12, 2017 judgment of foreclosure and sale; and an August 22, 2017 order of the court denying March's

motion (1) for reconsideration of the order confirming the Referee's Report or (2) to amend the judgment of foreclosure and sale.

I.

In August 2007, in refinancing a mixed-use property in Hollis, New York, Donovan March took out a mortgage for $211,000 with Flushing Savings Bank ("FSB"). In April 2013, FSB assigned the mortgage to Hayden Asset IX, LLC, which then assigned the mortgage to 99-05 194th Street, LLC in February 2014. March defaulted, the mortgage was accelerated, and a notice of default was served on March in May 2014. The following month, 99-05 194th Street, LLC assigned the mortgage to Madison Street. In July 2014, Madison Street initiated a foreclosure action against March and others, alleging a default date of February 1, 2008.

One year later, Madison Street filed a motion for, *inter alia*, summary judgment and the appointment of a Referee to compute and report the amount due. Because March did not file a responsive counterstatement of facts challenging Madison Street's statement of facts and because Madison Street's facts were supported by record evidence, the District Court (Gleeson, *J.*) deemed those facts to be admitted for the purposes of the motion for summary judgment. The District Court granted Madison Street's motion for summary judgment, holding

3

that Madison Street established a *prima facie* case for foreclosure and that March's affirmative defenses were meritless. March then filed a motion for reconsideration, which the District Court denied.

After the District Court ruled on the motion for reconsideration, it appointed a Referee to compute the amount due to Madison Street on the note and mortgage. In his Report, the Referee found the amount due as of January 15, 2016 to be $596,715.05; $383,736.00 of this sum was interest owed, calculated at the default interest rate provided in the loan documents of 24 percent per year. The Report also explained that the *per diem* interest owed from January 15, 2016 to the date of judgment of foreclosure and sale would be $133.99, and that Madison Street was owed $12,000.00 in legal fees. March challenged the Report and requested a hearing to dispute the February 1, 2008 default date used by the Referee in his calculations. The Magistrate Judge assigned to the case denied the challenge. Madison Street then moved to confirm the Referee's Report and moved for a judgment of foreclosure and sale; March opposed the motion on ten different grounds. The District Court (Azrack, *J.*) rejected all but one of March's arguments and confirmed the findings of the Referee's Report except as to the legal fees owed to Madison Street. Three months later, the District Court entered a judgment of

foreclosure and sale. March then moved for additional relief, including reconsideration or amendment of the judgment, which the District Court denied. March appealed each of these adverse rulings against him.

## II.

We review *de novo* the District Court's grant of summary judgment, taking the facts in the light most favorable to the non-moving party. *Bethpage Water Dist. v. Northrop Grumman Corp.*, 884 F.3d 118, 124 (2d Cir. 2018). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review for abuse of discretion a district court's denial of additional time to conduct discovery under what is now Rule 56(d). *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994).

## III.

On appeal, March challenges Madison Street's authority to maintain this action and contends that summary judgment was thus improperly granted in its favor. March first argues that Madison Street failed to establish *prima facie* standing to foreclose because it did not establish that it holds the mortgage to the subject property. We disagree. A plaintiff establishes standing in a foreclosure

action by demonstrating that it was "either the holder or assignee of the underlying note" at the time the foreclosure action was commenced. *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) (quotation marks omitted). Here, Madison Street demonstrated that it was the holder of the note by attaching to its Complaint the note and an allonge endorsing it as payee. *See U.S. Bank Nat'l Ass'n v. Saravanan*, 45 N.Y.S.3d 547, 548–49 (2d Dep't 2017). It also submitted an affidavit averring that Madison Street was the current note holder. This evidence established Madison Street's standing as the holder of the note.[1]

March further complains that the District Court's refusal to grant additional discovery prevented him from refuting evidence provided as to Madison Street's ownership of the note and mortgage at the time the action was commenced and to March's default date. Although March raised his concerns about discovery in his memorandum of law opposing summary judgment, he failed to file an affidavit or declaration explaining the need for additional discovery. *See* Fed. R. Civ. P. 56(d). This failure "is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." *Paddington Partners*, 34 F.3d at 1137.

March next argues that he established an affirmative defense based on

---

[1] We therefore need not consider March's arguments attacking the note's chain of title.

6

Madison Street's purported violation of the New York City Administrative Code. Specifically, he contends that Madison Street is a "debt collection agency" and is therefore precluded from maintaining this action without first obtaining a debt collection license from the New York City Department of Consumer Affairs. *See, e.g.*, N.Y.C. Admin. Code §§ 20-489, 20-490. This argument fails. Whether or not Madison Street qualifies under the New York City Administrative Code's broadly worded definition of "debt collection agency," failure to obtain such a license does not necessarily bar Madison Street from foreclosing the mortgage and collecting on the debt at issue. Assuming without deciding that Madison Street's activity requires it to have a license, the remedy provided for Madison Street's unlicensed activity is the imposition of a "penalty of not less than seven hundred dollars nor more than one thousand dollars for each violation . . . [and] an additional penalty of one hundred dollars for each instance in which contact is made with a consumer in violation of" the licensure requirements. N.Y.C. Admin. Code § 20-494(a) (providing penalties for operating as an unlicensed debt collection agency). The City's Administrative Code nowhere provides, or even suggests, that operating as an unlicensed debt collection agency automatically renders the debt uncollectable

7

by that agency.[2]

For these reasons, we affirm the District Court's grant of summary judgment in favor of Madison Street.

IV.

March also challenges on three grounds the District Court's order confirming the interest calculations of the court-appointed Referee. None has merit.

First, March argues that the District Court erred by confirming the Referee's Report because the Referee failed to hold a hearing to determine the default date. But March admitted the February 1, 2008 default date in his answer and, in any event, at the summary judgment stage he failed to proffer evidence refuting that date. Under these circumstances, the Referee was not required to hold a hearing. *See Blueberry Inv'rs Co. v. Ilana Realty Inc.*, 585 N.Y.S.2d 564, 566 (3d Dep't 1992)

---

[2] Parties defending against collections actions by agencies lacking a required license are not without recourse under New York law. N.Y. C.P.L.R. 3015(e) requires certain businesses, such as debt collection agencies collecting consumer debts, that need a license to conduct their activities to allege in their complaint that they have such a license. Failure to so allege may be raised by the defendant as a basis for dismissal under New York's dismissal rules. N.Y. C.P.L.R. 3015(e); *see also* N.Y. C.P.L.R. 3211(a)(7). Even if this argument were available to him in this action, March did not plead a defense in his answer asserting Madison Street's failure to allege that it was licensed, nor does March advance this argument on appeal.

(holding hearing unnecessary where defendants admitted in their answer they owed interest from a date certain).

Second, March contends that the 24 percent default interest rate applied by the Referee violates New York's civil usury statute, which caps interest rates at sixteen percent. *See* N.Y. Gen. Oblig. Law § 5-501; N.Y. Banking Law § 14-a. That statute, however, "do[es] not apply to defaulted obligations." *Manfra, Tordella & Brookes, Inc. v. Bunge*, 794 F.2d 61, 63 n.3 (2d Cir. 1986); *see also Kraus v. Mendelsohn*, 948 N.Y.S.2d 119, 120 (2d Dep't 2012) ("The defense of usury does not apply where the terms of the mortgage and note impose a rate of interest in excess of the statutory maximum only after default or maturity." (internal quotation marks, alterations, and citation omitted)).

Third, March argues that the Referee erred by applying the default interest rate from the date of default rather than from the date of acceleration. But the relevant loan documents, including the note and the mortgage agreement, clearly foreclose this argument. *See* App. at 37 ("Upon the occurrence of any default hereunder, the Note and all other sums secured hereby shall bear interest at the Default Rate."); App. at 54 ("[T]he Lender shall be entitled to interest at the Default Rate . . . from the time of said default to the sale of the premises following

9

foreclosure . . .").

We therefore affirm the District Court's order confirming the Referee's Report.

V.

Finally, we conclude that the District Court did not abuse its discretion by declining to reconsider or adjust its award of *per diem* interest to Madison Street based on the delayed "entry of judgment." *NYCTL 1998-2 Tr. v. Wagner*, 876 N.Y.S.2d 522, 523 (2d Dep't 2009). March has not shown that Madison Street's two-month delay in submitting a revised proposed judgment was unexplained or unreasonable.

\*     \*     \*

We have considered March's remaining arguments and conclude that they are either forfeited or without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.