19-2734-cv
*Johnson v. Nat'l Football League Players Ass'n et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand twenty.

PRESENT:   GUIDO CALABRESI,
           DENNY CHIN,
           SUSAN L. CARNEY,
                *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DAVID LANE JOHNSON,

           *Plaintiff-Appellant,*


           -v-                                    19-2734-cv


NATIONAL FOOTBALL LEAGUE PLAYERS
ASSOCIATION, NATIONAL FOOTBALL
LEAGUE, NATIONAL FOOTBALL LEAGUE
MANAGEMENT COUNCIL,
           *Defendants-Appellees.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        STEPHEN S. ZASHIN, Zashin & Rich Co.,
                                L.P.A., Cleveland, Ohio.

FOR DEFENDANTS-APPELLEES:    DAVID L. GREENSPAN (Jeffrey L. Kessler, Molly M. Donovan, *on the brief*), Winston & Strawn LLP, New York, New York, *for Defendant-Appellee National Football League Players Association*.

DANIEL L. NASH (James E. Tysse, Raymond P. Tolentino, Margaret O. Rusconi, Estela Diaz, *on the brief*), Akin Gump Strauss Hauer & Feld LLP, Washington, D.C. and New York, New York, *for Defendants-Appellees National Football League and National Football League Management Council*.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders and judgment of the district court are **AFFIRMED**.

Plaintiff-appellant David Lane Johnson appeals from orders and a judgment of the district court denying his petition to vacate an arbitration award, pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (the "LMRA"), and Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10, and dismissing his breach of duty of fair representation, breach of contract, and remaining claims against defendants-appellees the National Football League Players Association (the "Players Association"), the National Football League (the "NFL"), and the National Football League Management Council (the "Management Council"). We assume the

parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

I.    *Johnson's Disciplinary Proceedings and Arbitration*

Johnson is an offensive tackle for the Philadelphia Eagles in the NFL. The Players Association is the union that represents all NFL players and the Management Council is the entity responsible for collectively bargaining with the Players Association on behalf of all NFL teams. The collective bargaining agreement between the Players Association and the Management Council (the "CBA") prohibits players from using performance-enhancing substances and sets forth a policy (the "Policy") outlining testing procedures, disciplinary measures, and an appeal process for players found to be in violation.

In May 2014, Johnson tested positive for a performance-enhancing substance and served a four-game suspension. In July 2016, Johnson was informed that he again tested positive for a performance-enhancing substance in violation of the Policy. An independent toxicologist performed a second test and confirmed the results. The Management Council then suspended Johnson for 10 games without pay.

Johnson appealed the suspension by invoking the arbitration procedures under the Policy. During the arbitration hearing, Johnson testified that he twice ingested a prohibited substance that he had obtained from an anonymous "friend." J. App'x at 143-44. Johnson, however, challenged the procedures pursuant to which his

urine sample was collected and analyzed. On October 11, 2016, the arbitrator issued an award upholding Johnson's discipline. The arbitrator concluded that the drug test was authorized under the Policy, and that "none of the collection and analysis issues" raised by Johnson justified overturning his suspension. J. App'x at 142**.**

## II.    *Procedural History*

Johnson filed this action against the Players Association, the Management Council, and the NFL on January 6, 2017 in the Northern District of Ohio, seeking vacatur of the arbitration award and asserting claims against the NFL, the Management Council, and the Players Association for breach of the duty of fair representation, breach of the CBA, and violation of his rights under the LMRA, the National Labor Relations Act (the "NLRA"), and the Labor Management Relations Disclosure Act (the "LMRDA"). The case was transferred to the district court below on July 7, 2017.

The Players Association moved to dismiss all claims against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In a memorandum and order issued October 3, 2018, the district court denied Johnson's petition for vacatur, confirmed the arbitration award, and dismissed Johnson's duty of fair representation claim under the NLRA, holding that Johnson had failed to plausibly allege that the Players Association acted in an arbitrary or discriminatory manner or in bad faith, or that their actions had seriously undermined the arbitral process. The district court, however, denied the motion as to Johnson's LMRDA claim because it concluded that

4

the Players Association had failed to provide a copy of a side agreement relating to the timeline for reasonable-cause testing.

Following the district court's order, on October 16, 2018, the Players Association produced certain documents to Johnson, including a copy of the Policy and documents relating to the Policy. Johnson nonetheless submitted a discovery plan pursuant to Federal Rule of Civil Procedure 26 seeking additional documents. In an order issued October 23, 2018, the district court denied additional discovery, concluding that the discovery sought was irrelevant to the sole remaining LMRDA claim.

In the meantime, the NFL and the Management Council moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) seeking dismissal of the LMRA claim against them. By opinion and order dated November 26, 2018, the district court granted the motion, which it construed as a motion to dismiss pursuant to Rule 12(b)(6), holding that Johnson's failure to plausibly allege a violation of the duty of fair representation by the Players Association necessarily precluded his LMRA claim against the NFL and the Management Council.

Shortly thereafter, the Players Association moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) on the sole remaining LMRDA claim. Johnson opposed the motion and renewed his request for discovery pursuant to Federal Rule of Civil Procedure 56(d). In an order issued January 9, 2019, the district court denied Johnson's Rule 56(d) motion, rejecting the request for additional discovery. On

August 2, 2019, the district court granted summary judgment to the Players Association, holding that Johnson had failed to show a material dispute as to whether all agreements to which he was entitled had been produced to him.  Judgment entered August 5, 2019.

This appeal followed.

## DISCUSSION

**I.**     *Dismissal of the Hybrid § 301/Fair Representation Claim*

We first consider Johnson's argument that the district court erred in dismissing Johnson's duty of fair representation claim against the Players Association and his LMRA claim against the NFL and the Management Council.  We review the dismissal of claims pursuant to Federal Rule of Civil Procedure 12(b)(6) *de novo*.  *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

The complaint alleged a "hybrid § 301/fair representation claim," which combines a cause of action against the employer under § 301 of the LMRA with a cause of action against the union for breach of the duty of fair representation, implied under the NLRA.  *See Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 33 (2d Cir. 2000).  To establish such a hybrid claim, a plaintiff must allege "(1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-a-vis the union members." *White v. White Rose Food, a Div. of DiGiorgio Corp.*, 237 F.3d 174, 178 (2d Cir. 2001).  "The plaintiff may sue the union or the employer, or both, but must allege violations on the part of both." *Id.* at 179.

6

The district court dismissed Johnson's duty of fair representation claim after concluding that the complaint failed to allege that any conduct on the part of the Players Association caused his injury. *See Vaughn v. Air Line Pilots, Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (holding that to state a duty of fair representation claim, a plaintiff must allege "a causal connection between the union's [alleged] wrongful conduct and [the union member's] injuries" (internal quotation marks omitted)). On appeal, Johnson argues that the Players Association's failure to provide him with documents including "the complete Policy, his discipline file, and his testing history file" amounted to a "*per se*" breach of its duty of fair representation. Appellant's Br. at 27-28. This contention finds no support in our precedents, but even assuming the failure of a union to produce documents constitutes such a breach, Johnson remains unable to identify how the failure of the Players Association to provide these documents affected the outcome of his arbitration.

The arbitrator was aware, both through Johnson's pre-proceeding discovery requests and the arguments made at the hearing, of Johnson's contention that certain documents were still owed to him at the time of his arbitration. Yet the arbitrator nonetheless confirmed Johnson's discipline, finding that "none of the collection and analysis issues raised by [] Johnson" justified overturning his suspension. J. App'x at 142. And although the district court ultimately concluded that the Players Association did have an obligation under the LMRDA to produce to Johnson certain

7

side agreements to the Policy, it simultaneously rejected Johnson's argument that access to these side agreements at the time of the arbitration would have changed the arbitral outcome. We agree and affirm for substantially the reasons stated by the district court.

The district court also rightly dismissed Johnson's LMRA § 301 against the NFL and Management Council. Johnson's failure to plead a violation of the duty of fair representation on the part of the Players Association necessarily precluded his LMRA § 301 claim against his employers. *See White Rose Food*, 237 F.3d at 183.

## II.     *Summary Judgment on the LMRDA § 104 Claim*

The district court also did not err in granting summary judgment to the Players Association on Johnson's LMRDA § 104 claim. We review a district court's granting of a summary judgment motion *de novo*, "construing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor." *Kazolias v. IBEWLU 363*, 806 F.3d 45, 49 (2d Cir. 2015).

Section 104 of the LMRDA requires unions to "forward a copy of each collective bargaining agreement made by such labor organization with any employer to any employee who requests such a copy and whose rights as such employee are directly affected by such agreement." 29 U.S.C. § 414. The district court initially held that Johnson stated a plausible violation of LMRDA § 104 based on the Players Association's failure to produce to Johnson certain "side agreements" to the Policy. S. App'x at 18. Following the Players Association's October 16, 2018 document production, however,

8

the district court determined that the Players Association had then produced to Johnson all of the documents to which he was entitled under the LMRDA, and it granted summary judgment in the Players Association's favor.

Johnson contends this was error for two reasons. First, he argues that a material dispute remained as to whether all documents relating to the Policy had been produced to him. Second, he argues that even assuming the October 16, 2018 document production satisfied the Players Association's LMRDA obligations, he was still entitled to damages, including compensatory, punitive damages, and attorney's fees and costs, for the belated production. We reject both arguments.

Johnson's first argument lacks merit because he was unable to dispute the evidence in the record that all relevant documents had been produced. The Players Association submitted two declarations from members of its legal team representing that all amendments to the Policy had been produced to Johnson. *See* J. App'x at 382-84. Johnson's speculation that additional relevant documents nonetheless existed was insufficient to create a material dispute. *See McPherson v. N.Y.C. Dept. of Educ.*, 457 F.3d 211, 215 n.4 (2d Cir. 2006).

As for Johnson's second argument, we reject it because even assuming damages, including compensatory, punitive damages, and attorney's fees and costs, are available for violations of § 104 of the LMRDA under certain circumstances -- an issue we do not decide here -- we conclude that Johnson would not have been entitled to any

9

such remedy.  Johnson suffered no actual damages as a result of the Players Association's belated production, as it had no impact on the arbitral outcome, and he failed to make any showing of bad faith on the part of the union.  *See Hall v. Cole*, 412 U.S. 1, 5 (1973) (attorney's fee award appropriate under LMRDA where "opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons'"); *Local Union No. 38 v. Pelella*, 350 F.3d 73, 88 (2d Cir. 2003) (punitive damages appropriate to "punish[] unlawful conduct and deter[] its repetition" (internal quotation marks omitted)).

## III.    *Denial of the Discovery Motion*

Johnson also challenges the district court's order denying his request for additional discovery pursuant to Federal Rule of Civil Procedure 56(d).  "We review for abuse of discretion a district court's denial of additional time to conduct discovery under . . . Rule 56(d)."  *1077 Madison St., LLC v. Daniels*, 954 F.3d 460, 463 (2d Cir. 2020). Notably, "in all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way."  *EM Ltd. v. Republic of Arg.*, 695 F.3d 201, 207 (2d Cir. 2012).  We see no abuse of discretion here.

## IV.    *Confirmation of the Arbitration Award*

Finally, Johnson contends that the district court erred in denying his motion to vacate the arbitration award because the Players Association's failure to provide him with the entire Policy at the time of his arbitration deprived him of a "full and fair hearing."  Appellant's Br. at 30 (internal quotation marks omitted).  "We review

10

a district court's decision to confirm or vacate an arbitration award *de novo* on questions of law and for clear error on findings of fact." *Nat'l. Football League Mgmt. Council v. Nat'l. Football League Players Ass'n ("Brady")*, 820 F.3d 527, 536 (2d Cir. 2016).

Johnson's belief that he was deprived of certain documents relating to the Policy at the time of his arbitration comes nowhere close to the high threshold needed to vacate an LMRA arbitration award under our precedent. *See id.* at 532 (review of LMRA arbitral awards is "among the most deferential in the law"). The arbitrator was specifically authorized under the Policy to make discovery rulings, and he was well within his broad discretion to explicitly reject many of the document requests Johnson seeks to revive here. *See* J. App'x at 99 ("Objections [to discovery] will be promptly submitted via conference call to the arbitrator for decision"); *see also Brady*, 820 F.3d at 547 ("simply no fundamental unfairness" where union member denied access to interview notes and memoranda directly relevant to conduct being investigated because the parties could have, but had not, bargain for a right to such access).

Ultimately, Johnson was given clear notice of the contemplated disciplinary action that was to be taken against him, the appeal was heard by a qualified arbitrator, and he had a full and fair opportunity to present arguments. That was more than sufficient under our precedent to confirm the award.

\*   \*   \*

11

We have considered Johnson's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment and orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court