21-875-cv
*Cimontubo – Tubagens e Soldadura, LDA v. Petroleos de Venezuela, S.A., et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty-two.

PRESENT: DENNY CHIN,
JOSEPH F. BIANCO,
WILLIAM J. NARDINI,

*Circuit Judges.*

---

Cimontubo – Tubagens e Soldadura, LDA,

*Plaintiff-Appellee,*

v.                                                        21-875-cv

Petroleos de Venezuela, S.A., PDVSA Petroleo, S.A.,

*Defendants-Appellants.*

---

FOR PLAINTIFF-APPELLEE:            STUART M. RIBACK (Scott Watnik, *on the brief*), Wilk Auslander LLP, New York, NY.

FOR DEFENDANTS-APPELLANTS:                    JESSICA B. LIVINGSTON (Dennis H. Tracey, III, Matthew Ducharme, Hogan Lovells US LLP, New York, NY, *on the brief*), Hogan Lovells US LLP, Denver, CO.

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is hereby **AFFIRMED**.

Defendants-appellants Petroleos de Venezuela, S.A. ("PDVSA") and PDVSA Petroleo, S.A. ("Petroleo") (collectively, "defendants") appeal from the March 4, 2021 order of the United States District Court for the Southern District of New York (Daniels, *J.*) (i) granting the motion of plaintiff-appellee Cimontubo – Tubagens e Soldadura, LDA ("Cimontubo") for summary judgment pursuant to Federal Rule of Civil Procedure 56 and (ii) denying defendants' Rule 56(d) cross-motion to deny or defer consideration of Cimontubo's summary judgment motion to allow defendants more time to conduct discovery. We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

Cimontubo, a Portuguese company, is the holder of a promissory note in the amount of $35,720,631.43 (the "Promissory Note"), executed by PDVSA, a company owned by, and incorporated under the laws of, the Bolivarian Republic of Venezuela. The terms of the Promissory Note are governed by a note agreement, dated December 22, 2016, entered into by Cimontubo, as Initial Noteholder, and PDVSA, as Issuer, with Petroleo—a subsidiary of PDVSA—serving as Guarantor (the "Note Agreement"). As relevant here, the terms of the Note

2

Agreement required PDVSA to make each interest and principal payment to Cimontubo on a corresponding repayment date.

PDVSA made the first four required interest payments to Cimontubo between April 19, 2017 and January 18, 2018. However, Cimontubo claimed that after January 18, 2018, it did not receive any further payments from PDVSA. As a result, in November 2019, Cimontubo sent PDVSA multiple notices of default demanding payment of all past due payments. Pursuant to the Note Agreement, Cimontubo also demanded acceleration of the entire loan amount due and owing, and when PDVSA failed to respond, Cimontubo sent PDVSA a final notice of default and acceleration on December 5, 2019.

On June 11, 2020, Cimontubo commenced this action in New York County Supreme Court by filing a motion for summary judgment in lieu of a complaint pursuant to N.Y. C.P.L.R. § 3213. On July 13, 2020, defendants removed the action to federal court. On August 20, 2020, defendants filed a cross-motion under Rule 56(d), requesting that the district court deny or defer consideration of Cimontubo's motion for summary judgment to provide defendants with additional time to conduct discovery. Defendants advanced two arguments in support of their motion. First, they argued that they needed more time to conduct discovery because the "illegitimate regime of Nicolas Maduro" had prevented the government of Juan Guaidó and his appointees—the government recognized by the United States—from accessing relevant information in the possession, custody, or control of PDVSA or Petroleo, instrumentalities of the Venezuelan state. Joint App'x at 378–79, 386. Second, defendants also argued that they needed time to gather documents from third-party banks to support a defense of impossibility or impracticality—namely, that the imposition of U.S. sanctions against Venezuela would have caused banking institutions to reject any attempted payment instructions given to them by defendants.

3

On December 1, 2020, the district court granted in part defendants' request for leave until February 1, 2021 to seek information regarding whether any "attempted wire transfer between the[] parties . . . was not honored" by third-party banks located in Portugal. Joint App'x at 619. Shortly thereafter, at defendants' request, the district court issued letters rogatory to Banco BIC, Banco Espirito, and Novo Banco, S.A. a third Portuguese bank to which Banco Espirito had transferred its ongoing business after liquidation. About two months later, defendants received a document production from Banco BIC that contained an email stating that "no transfers received from [PDVSA] with a destination of the CIMONTUBO company which have been the target of analysis and refusal by EuroBic have been identified by EuroBic." Joint App'x at 627. Prior to the February 1 deadline set by the district court, defendants did not seek an extension of time to obtain the requested information from Novo Banco.[1] After Cimontubo submitted a February 4, 2021 letter seeking to have the district court move forward on its summary judgment motion given the passage of the deadline, defendants contacted local counsel in Portugal and learned that the Portuguese court had not ordered Novo Banco to provide the requested documents. Defendants then outlined the situation in a February 5, 2021 letter to the district court and indicated that they planned to file a petition with the Portuguese court for an acceleration of the completion of the request.[2]

---

[1] Banco Espirito replied that it was unable to respond to defendants' request for documents because all documents and information regarding its former clients were in the custody of its successor, Novo Banco.

[2] Specifically, with respect to the Letter of Request to Novo Banco, defendants advised the Court as follows: "The judicial clerk advised that on January 5, 2021, the Portuguese court asked the Portuguese Ministry of Justice to contact this Court to organize a videoconference examination of a Novo Banco witness. The clerk advised, however, that the court had *not* ordered Novo Banco to provide the documents requested in Schedule A of our letter of request. It is unclear why the Portuguese court did not order Novo Banco to produce the requested documents and, thus, with the assistance of our local counsel in Portugal, we are preparing a petition to accelerate the completion of the letter of request to Novo Banco and will serve a copy of the petition on Cimontubo's counsel prior to filing." Joint App'x at 631.

On March 4, 2021, the district court issued a decision and order granting Cimontubo's motion for summary judgment and denying defendants' cross-motion under Rule 56(d). The district court found that Cimontubo had met its *prima facie* burden by establishing proof of the Note Agreement, the Promissory Note, and the existence of Petroleo's guaranty, and that defendants had not contested the validity of those agreements and their obligations thereunder. It further found that defendants, who had been afforded an additional month beyond the initial February 1, 2021 deadline to complete discovery, had "not put forth any evidence uncovered during that time period that would support an impossibility defense," and that "the evidence Defendants *did* discover is inconsistent with an impossibility defense." Special App'x at 10. Accordingly, the district court awarded Cimontubo damages, and referred calculation of attorneys' fees, costs, and pre- and post-judgment interest against defendants to the magistrate judge assigned to the case.

Defendants moved for reconsideration of the district court's decision and order on March 18, 2021. On April 5, 2021, while the motion for reconsideration was still pending, defendants appealed. Defendants also moved for an order from this Court to hold the appeal in abeyance pending the district court's resolution of the reconsideration motion, which this Court granted on July 14, 2021.

On November 1, 2021, the district court denied defendants' motion for reconsideration, emphasizing, in particular, that the Banco BIC email produced by defendants "firmly establishes that the bank received no transfers from Defendants to Plaintiff," thus "nullify[ing] Defendants' impossibility defense," Special App'x at 15, and that, as of the date of the court's November 1, 2021 decision, defendants still had "not put forth any evidence obtained since the issuance of the

5

letters rogatory on December 10, 2020 to warrant additional discovery time or effort," Special App'x at 16.

On November 29, 2021, the district court adopted the magistrate judge's report and recommendation regarding attorneys' fees, costs, and interest. The following day, final judgment was entered ordering defendants to pay Cimontubo $45,424,081.20 in damages, pre-judgment interest in the amount of $2,149,483.82, attorneys' fees in the amount of $176,510.13, costs in the amount of $4,715.35, and post-judgment interest to accrue at a rate of $8,929.02 per day.

## DISCUSSION

### I. Jurisdiction

As a threshold matter, Cimontubo contends that this Court lacks jurisdiction to hear this appeal because the decision appealed from—the district court's March 4, 2021 order—was not an appealable order pursuant to Federal Rule of Appellate Procedure (4)(1)(A), and thus, is not ripe for our review. We disagree. As this Court has previously held, "a premature notice of appeal from a nonfinal order may ripen into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice." *Berlin v. Renaissance Rental Partners, LLC*, 723 F.3d 119, 128 (2d Cir. 2013) (internal quotation marks omitted). We find both conditions to be satisfied here.

First, the district court entered final judgment on November 30, 2021, several weeks before the parties began substantively briefing this appeal. As to the second condition, Cimontubo has failed to identify any prejudice it would suffer as a result of the appeal being heard. Accordingly, "[b]ecause there is now an appealable final order," *LaForest v. Honeywell Int'l Inc.*, 569 F.3d 69, 73 (2d Cir. 2009), and "we detect no prejudice to" Cimontubo, *Berlin*, 723 F.3d at 128, we hold that the appeal is ripe for this Court's review.

6

## II.     Rule 56(d) Motion

On appeal, defendants do not contest that the evidence in the record supported granting summary judgment to Cimontubo on its claim, but rather argue that the district court decided the motion prematurely before the record was fully developed.  More specifically, defendants contend that the district court abused its discretion in denying its cross-motion under Rule 56(d) to defer any ruling on Cimontubo's summary judgment motion, in order to allow defendants additional time to obtain discovery that was essential to their defense.  Defendants assert that, in denying additional time for discovery before deciding Cimontubo's motion, the district court deprived them of due process.

We review the denial of a party's Rule 56(d) motion for additional time to conduct discovery for abuse of discretion.[3]  *1077 Madison St., LLC v. Daniels*, 954 F.3d 460, 463 (2d Cir. 2020) (per curiam).  Moreover, we have emphasized that "as in all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).

Defendants assert that the district court "block[ed] Defendants' ability to fully and adequately conduct" discovery from Novo Banco critical to their impossibility defense. Appellant's Br. at 16.  However, it is well established that "the trial court may properly deny further discovery" under Rule 56(d) "if the nonmoving party has had a fully adequate opportunity

---

[3]  Federal Rule of Civil Procedure 56(d) provides that, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time . . . to take discovery; or (3) issue any other appropriate order."  Rule 56(d) was previously codified at Rule 56(f), but there is no substantive legal distinction between these versions of the Rule.  *See* Fed. R. Civ. P. 56, advisory committee's note to 2010 amendment.

for discovery." *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989). Here, with respect to the opportunity for discovery on the impossibility defense, the record demonstrates that: (1) defendants did not object when, during the December 1, 2020 hearing, the district court granted in part defendants' initial Rule 56(d) request but made clear that it would only defer decision on the merits until February 1, 2021; (2) defendants allowed the February 1, 2021 deadline to expire without seeking an extension from the district court; (3) defendants waited until after Cimontubo submitted a February 4, 2021 letter (seeking to have the district court move forward on its summary judgment motion) to contact local counsel in Portugal to inquire as to the status of the remaining requests, and thereby learned that the Portuguese court had failed to order Novo Banco to provide the requested documents;[4] (4) defendants advised the district court in a February 5, 2021 letter of the delay, but provided the district court with no estimate on when the documents would then be received; and (5) as of the date of the district court's decision on March 4, 2021, defendants had provided no further update regarding the status of the request to the Portuguese court.[5]

Under these circumstances, we conclude that the district court's denial of any further extension of time for discovery under Rule 56(d) was well within its permissible discretion. *See generally Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 928 (2d

---

[4] There is no indication in the record that defendants made any attempt to ascertain the status of the requests in Portugal from the time of the district court's issuance of the letters rogatory on December 9, 2020 until February 5, 2021, four days after the district court's deadline had passed.

[5] Indeed, as the district court noted, at the time of the denial of defendants' motion for reconsideration on November 1, 2021, defendants still had not put forward any additional evidence obtained from the letters rogatory—a full nine months after the district court's deadline. *See* Special App'x at 16 ("[A]s of this decision Defendants still have not put forth any evidence obtained since the issuance of the letters rogatory on December 10, 2020 to warrant additional discovery time or effort.").

Cir. 1985) ("A party who both fails to use the time available and takes no steps to seek more time until after a summary judgment motion has been filed need not be allowed more time for discovery absent a strong showing of need.").

For the same reasons, we are unpersuaded by defendants' argument that the denial of the Rule 56(d) motion deprived them of due process. Although "[d]ue process requires that there be an opportunity to present every available defense," *Lindsey v. Normet*, 405 U.S. 56, 66 (1972) (internal quotation marks omitted), as discussed above, defendants were given sufficient time by the district court to uncover evidence showing that they had attempted to make payments to Cimontubo through the banks in question after January 18, 2018, but that such attempts were blocked because the imposition of U.S. sanctions rendered performance under the Note Agreement impossible.

Accordingly, we hold that the district court did not abuse its discretion in denying defendants' motion under Rule 56(d) and granting summary judgment in favor of Cimontubo.

\* \* \*

We have reviewed the defendants' remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court