20-3426-cv
Cohen v. American Airlines, Inc., et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2021

(Submitted: August 18, 2021                    Decided: September 10, 2021)

Docket No. 20-3426-cv

_____

ARYEH COHEN,

*Plaintiff-Appellant*,

v.

AMERICAN AIRLINES, INC., AMERICAN AIRLINES GROUP, INC.,

*Defendants-Appellees*,

JOHN DOES 1–5, JANE DOES 1–5,

*Defendants*.

_____

Before: POOLER, CHIN, and LOHIER, *Circuit Judges*.

Appeal from a judgment of the United States District Court for the Eastern

District of New York (Kuntz, *J.*, Gold, *M.J.*) dismissing plaintiff-appellant Aryeh

Cohen's claims as time-barred under the statute of limitations set forth in the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106–45 (2000) ("Montreal Convention"), and denying Cohen's motion to amend the complaint. Because the Montreal Convention covers Cohen's claim, we hold that its two-year statute of limitation applies, and the district court did not err in determining that Cohen's claim was time-barred. The district court also did not abuse its discretion in denying the motion to amend.

Affirmed.

_____

ARYEH COHEN, *pro se*, New York, NY.

DAVID S. RUTHERFORD, Rutherford & Christie, LLP, New York, NY, *for Defendants-Appellees American Airlines, Inc., American Airlines Group, Inc*.

PER CURIAM:

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*, Gold, *M.J.*) dismissing plaintiff-appellant Aryeh Cohen's claims as time-barred under the statute of limitations set forth in the Convention for the Unification of Certain Rules for International Carriage by Air,

May 28, 1999, S. Treaty Doc. No. 106–45 (2000) ("Montreal Convention"), and denying Cohen's motion to amend the complaint. Because the Montreal Convention covers Cohen's claim, we hold that its two-year statute of limitation applies, and the district court did not err in determining that Cohen's claim was time-barred. The district court also did not abuse its discretion in denying the motion to amend. Accordingly, we affirm.

**BACKGROUND**

Aryeh Cohen, appearing pro se, appeals from the September 10, 2020 judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*, Gold, *M.J.*) dismissing his complaint and denying his motion to amend. On December 27, 2018, Cohen sued American Airlines, Inc., and the American Airlines Group, Inc. (collectively "American"), and 10 Jane and John Does in New York State court. He alleged that, while boarding a flight from Paris, France, to Dallas, Texas, on December 28, 2015, a flight attendant struck him, causing injury. American removed the case to district court, contending that because the alleged incident took place aboard an airplane, the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106–45 (2000) ("Montreal Convention") applied, and thus the district court had

federal question jurisdiction. American then moved to dismiss, arguing that the two-year statute of limitations in the Montreal Convention barred Cohen's claim because the incident occurred on December 28, 2015, and he did not file his complaint until December 27, 2018. Cohen opposed, arguing, as relevant here, that because the flight attendant's behavior was "willful," his claims were not subject to the Montreal Convention's limitations on liability. *Cohen v. American Airlines, Inc.*, No. 19-CV-653 (WFK) (SMG), 2020 WL 6018781, at *3 (E.D.N.Y. Sept. 9, 2020) (citation omitted). He also moved to amend his complaint to add an allegation that he lost two pairs of sunglasses due to American's negligence on a January 2018 flight from Miami, Florida, to Nassau, The Bahamas. The district court granted the motion to dismiss and denied the motion to amend, reasoning that the Montreal Convention's statute of limitations barred Cohen's complaint, and that the request to amend was made in bad faith. *See id.* at *3-4. Cohen appeals, arguing, inter alia, that the flight attendant's actions were reckless, which falls under the definition of "willful" in the Montreal Convention, such that the two-year statute of limitations does not apply, and that the district court abused its discretion in denying his motion to amend.

**DISCUSSION**

Because Cohen alleged that he was injured while boarding an international flight, his claims fall under the Montreal Convention, a multilateral treaty that "applies to all international carriage of persons, baggage or cargo performed by aircraft." Montreal Convention, ch. I, art. 1. It is the successor to the Warsaw Convention of 1929. *See* Convention for the Unification of Certain Rules Relating to International Transportation by Air (the "Warsaw Convention"), Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), *reprinted in* note following 49 U.S.C. § 40105. The Montreal Convention was promulgated to "reform the Warsaw Convention so as to harmonize the hodgepodge of supplementary amendments and intercarrier agreements of which the Warsaw Convention system of liability consists." *Ehrlich v. Am. Airlines, Inc.*, 360 F.3d 366, 371 n.4 (2d Cir. 2004) (internal quotation marks omitted).

Under the Montreal Convention, a "carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the . . . injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Montreal Convention, ch. III, art. 17, § 1. While "accident" is not defined in the Montreal Convention, the

5

Supreme Court has interpreted the substantively identical provision of the Warsaw Convention as "an unexpected or unusual event or happening that is external to the passenger." *Air France v. Saks*, 470 U.S. 392, 405 (1985); *see* Warsaw Convention, ch. III, art. 17.

Precedent pertaining to the Warsaw Convention is instructive because many provisions of the two Conventions are substantively similar. As the Eleventh Circuit has noted, "the drafters of the Montreal Convention sought to retain as much of the existing language of the Warsaw Convention as possible so as to preserve the substantial body of existing precedent and avoid uncertainty[.]" *Underwriters at Lloyds Subscribing to Cover Note B0753PC1308275000 v. Expeditors Korea Ltd.*, 882 F.3d 1033, 1045 (11th Cir. 2018). Similarly, the Senate Foreign Relations Committee report addressed the Montreal Convention's drafting history, particularly regarding the continued applicability of judicial decisions interpreting the Warsaw Convention, as follows:

> [W]hile the Montreal Convention provides essential improvements upon the Warsaw Convention and its related protocols, efforts were made in the negotiation and drafting to retain existing language and substance of other provisions to preserve judicial precedent relating to other aspects of the Warsaw Convention, in order to avoid unnecessary litigation over issues already decided by the courts under the Warsaw Convention and its related protocols.

S. Exec. Rep. 108–8, at 3 (2003) (citation and alteration omitted).

In that regard, many other Circuits and district courts in this Circuit have frequently relied on cases interpreting the Warsaw Convention as persuasive authority to interpret corresponding provisions of the Montreal Convention. *See, e.g., Dagi v. Delta Airlines*, 961 F.3d 22, 28 (1st Cir. 2020) (applying *Saks*'s definition of "accident" from Warsaw Convention to claim under Montreal Convention); *Doe v. Etihad Airways, P.J.S.C.*, 870 F.3d 406, 425-26 (6th Cir. 2017) (same); *Phifer v. Icelandair*, 652 F.3d 1222, 1223-24 (9th Cir. 2011) (same); *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1171-73 (11th Cir. 2014) (applying Warsaw Convention precedent to claim for damages due to delay under Article 19 of the Montreal Convention); *Best v. BWIA West Indies Airways Ltd.*, 581 F. Supp. 2d 359, 362-63 (E.D.N.Y. 2008) (utilizing Warsaw Convention precedent in defining "carrier" as that word is used in the Montreal Convention); *Baah v. Virgin Atl. Airways Ltd.*, 473 F. Supp. 2d 591, 596-97 (S.D.N.Y. 2007) (interpreting the phrase "place of destination" in Article 33(1) of the Montreal Convention in line with previous courts' interpretation of "place of destination" in Article 28(1) of the Warsaw Convention). We agree with these authorities and hold that Montreal Convention provisions may be analyzed in accordance with case law arising from substantively similar provisions of its predecessor, the Warsaw Convention.

We now turn to the merits of Cohen's appeal. We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6) and its interpretation and application of statutes of limitations and treaties. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (Rule 12(b)(6) dismissal); *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011) (statute of limitations); *Swarna v. Al-Awadi*, 622 F.3d 123, 132 (2d. Cir. 2010) (treaty). "When interpreting a treaty, we begin with the text of the treaty and the context in which the written words are used." *Ehrlich*, 360 F.3d at 375 (citation omitted).

France and the United States are signatories to the Montreal Convention and therefore bound by it.[1] Cohen alleges that, upon boarding an international flight from France to Texas, a John Doe flight attendant yelled at him, hit him, and caused him injury. Cohen does not contest that the injury occurred on board the aircraft while embarking, *see* Montreal Convention, ch. 3, art. 17, § 1, due to an "accident," as that word is defined in cases interpreting the Montreal and Warsaw Conventions. Therefore, his claims fall under the Montreal Convention, and any remedy must be had pursuant to that Convention. *See El Al Israel Airlines, Ltd. v.*

---

[1] *See* International Civil Aviation Organization's website at: https://www.icao.int/secretariat/legal/List%20of%20Parties/Mtl99_EN.pdf (last visited 8/25/21).

*Tsui Yuan Tseng*, 525 U.S. 155, 161 (1999) ("[R]ecovery for a personal injury suffered on board an aircraft or in the course of any of the operations of embarking or disembarking, if not allowed under the Convention, is not available at all.") (citation, brackets, and internal quotation marks omitted) (discussing Articles 1 and 17 of the Warsaw Convention, which are substantively similar to Articles 1 and 17 of the Montreal Convention). The Montreal Convention provides that "[t]he right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped." Montreal Convention, ch. III, art. 35, § 1. The Warsaw Convention's Article 29 contains almost identical language. Warsaw Convention, ch. III, art. 29, § 1 ("The right to damages shall be extinguished if an action is not brought within two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped."); *see also King v. Am. Airlines, Inc.*, 284 F.3d 352, 356 (2d Cir. 2002) (recognizing that claims under the Warsaw Convention are subject to a two-year statute of limitations); *Dagi*, 961 F.3d at 24 (recognizing the same for

the Montreal Convention). Cohen alleged that he boarded his nonstop flight to Texas on December 28, 2015.

Although Cohen claimed that the "flight was significantly delayed," Supp. App'x at 4, the two-year limitations period for filing a complaint under the Montreal Convention began on the date on which the aircraft ought to have arrived in Texas—presumably either that same day or December 29, 2015. Therefore, his complaint, filed almost three years after the December 28, 2015 accident, was untimely regardless of the flight delay, and the district court did not err in dismissing it on this ground.

Cohen argues that the Montreal Convention's two-year statute of limitations does not apply to his claims because he alleges that the flight attendant's conduct was willful, and Article 25 of the Warsaw Convention states that, in cases where damage is caused by willful misconduct, "[t]he carrier shall not be entitled to avail himself of the provisions of this Convention which exclude or limit his liability." Warsaw Convention, ch. III, art. 25, § 1. We reject this argument. While the Montreal Convention incorporated many of the Warsaw Convention's substantive provisions, there is no substantively identical article in the Montreal Convention that reflects the provisions of Article 25 of the Warsaw Convention governing the

10

removal of damage caps for willful misconduct. Indeed, there is no provision in the Montreal Convention regarding "willful misconduct" relating to personal injury claims.

Even if we analyze Cohen's argument under Article 25 of the Warsaw Convention, it fails. Cohen's argument conflates limitations on the amount of recoverable damages with the statute of limitations, and he provides no authority to suggest that Article 25 of the Warsaw Convention voids the statute of limitations. *See In re Air Disaster at Lockerbie, Scotland*, 928 F.2d 1267, 1286 (2d Cir. 1991), *overruled on other grounds*, *Zicherman v. Korean Air Lines, Co.*, 516 U.S. 217 (1996) (concluding that Article 25 does not "lift Article 29's statute of limitations"); *see also In re Korean Air Lines Disaster of Sept. 1, 1983*, 932 F.2d 1475, 1485-89 (D.C. Cir. 1991). Therefore, whether the flight attendant's actions were intentional, "willful," reckless, or negligent, Cohen cannot circumvent the Montreal Convention's two-year statute of limitations by way of an unrelated provision of the Warsaw Convention.

Cohen also asserts that the Montreal Convention does not preempt local law in cases of willful misconduct. But courts have consistently held that the Warsaw and Montreal Conventions preempt state law and provide the sole avenue for

damages claims that fall within the scope of the Conventions' provisions. *See Tseng*, 525 U.S. at 161 (reversing a prior Second Circuit decision that permitted plaintiffs to alternatively sue under local law even if they did not qualify for relief under the Warsaw Convention); *Dagi*, 961 F.3d at 27-28 (explaining that "the Montreal Convention preempts all local claims that fall within its scope, even if the claims are not cognizable . . . under the Convention"). And even if Cohen's claim for "willful" misconduct could be brought under New York state law, which the parties agree applies, it would likely still be untimely because the statute of limitations on claims for damages arising from assault or battery in New York is one year. *See* N.Y. C.P.L.R. § 215(3).

Finally, Cohen challenges the district court's denial of leave to amend. We review denials of leave to amend for abuse of discretion. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). "Although [Federal Rule of Civil Procedure] 15(a) provides that leave to amend a complaint shall be freely given when justice so requires," *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (internal quotation marks omitted), district courts may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the

opposing party," *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (internal quotation marks omitted).

We find no abuse of discretion in the district court's denial of leave to amend. Although Cohen argues on appeal that he should have been given the chance to amend his complaint at least once, he does not address the basis for the district court's denial: that his motion to amend was made in bad faith. Accordingly, he has waived any challenge to the district court's ruling. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

In any event, Cohen's proposed amended complaint differed from his original complaint only insofar as it alleged the loss of two pairs of sunglasses on an American flight from Miami to Nassau occurring three years after the events giving rise to his original allegations. The district court did not abuse its discretion in ruling that the new allegation was included solely to avoid the Montreal Convention's two-year statute of limitations, and thus was made in bad faith. *Cf. Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (affirming denial of motion to amend when the new proposed claims "concerned a different period of time," and "allege[d] an entirely new set of operative facts of which it

cannot be said that the original complaint provided fair notice," thereby prejudicing defendant (internal quotation marks omitted)).

## CONCLUSION

We have considered Cohen's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.