21-262-cv
New Fortune Inc. v. Apex Logistics International (CN) Ltd.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of December, two thousand twenty one.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                     *Circuit Judges*.

_____

NEW FORTUNE INC.,

                     *Plaintiff-Appellant*,

             v.                                             21-262-cv

APEX LOGISTICS INTERNATIONAL (CN) LTD.,
AEROFLOT RUSSIAN AIR,

                     *Defendants-Appellees*.

_____

Appearing for Appellant:     Louis J. Maione, New York, N.Y.

Appearing for Appellee:      Timothy Nast, Tisdale & Nast Law Offices, LLC (Thomas L. Tisdale, *on the brief*), New York, N.Y.

                             Anthony U. Battista, Condon & Forsyth LLP (Marissa Lefland, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

New Fortune Inc. appeals from the January 29, 2021 judgment of the United States District Court for the Southern District of New York (Cote, *J.*) granting a motion to dismiss the complaint filed against Apex Logistics International (CN) Ltd. and Aeroflot Airlines on the ground that New Fortune's common law claims were preempted by the Montreal Convention. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The Montreal Convention is a multilateral treaty that "applies to all international carriage of persons, baggage or cargo performed by aircraft." Convention for the Unification of Certain Rules for International Carriage by Air, ch. I, art. 1, § 1, May 28, 1999 (entered into force on Nov. 4, 2003), *reprinted in* S. Treaty Doc. No. 106–45, 1999 WL 33292734 (2000). China and the United States are both signatories to the Montreal Convention and are therefore bound by its provisions. The Montreal Convention is the successor to the Warsaw Convention, and "the drafters of the Montreal Convention sought to retain as much of the existing language of the Warsaw Convention as possible so as to preserve the substantial body of existing precedent and avoid uncertainty[.]" *Underwriters at Lloyds Subscribing to Cover Note B0753PC1308275000 v. Expeditors Korea Ltd.*, 882 F.3d 1033, 1045 (11th Cir. 2018). Thus, "Montreal Convention provisions may be analyzed in accordance with case law arising from substantively similar provisions of its predecessor, the Warsaw Convention." *Cohen v. Am. Airlines, Inc.*, 13 F.4th 240, 245 (2d Cir. 2021).

New Fortune first argues that the Montreal Convention does not preempt state law claims, but "in most instances, provides an affirmative, preemptive defense to state-law claims." It relies on a series of district court opinions for that proposition, but those cases all arise in the context of removal jurisdiction, and thus really raise the question of whether a federal court has exclusive jurisdiction over Montreal Convention claims. New Fortune is conflating two different doctrines: complete preemption and federal preemption. "Under the complete-preemption doctrine, certain federal statutes are construed to have such extraordinary preemptive force that state-law claims coming within the scope of the federal statute are transformed, for jurisdictional purposes, into federal claims—i.e., completely preempted." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. 2005) (internal quotation marks omitted). In contrast, federal, or ordinary, preemption applies when "federal law preempts state law," such that "the defendant cannot be held liable under state law." *Id.* at 272-73. Ordinary preemption is a defense, and cannot be used to provide federal jurisdiction. *Id.* at 271. However, the defendants are not relying on the Montreal Convention to support federal jurisdiction to allow a complaint to be removed to federal court—New Fortune brought this claim in federal court in the first instance, rendering the cited cases inapplicable.

The next issue, then, is whether the state law claims are preempted. "[T]he Convention's preemptive effect is clear: The Treaty precludes [parties] from bringing actions under local law when they cannot establish air carrier liability under the treaty." *El Al Israel Airlines, Inc. v. Tsui Yuan Tseng,* 525 U.S. 155, 174-75 (1999) (interpreting Warsaw Convention); *see also King v. Am. Airlines, Inc.*, 284 F.3d 352, 356 (2d Cir. 2002) (interpreting the Warsaw Convention and

holding that "[b]ecause of the Warsaw Convention's preemptive effect . . . suit must be brought in accordance with the Convention's terms if [the] claims fall within the scope of the Convention."). *Cohen*'s holding that the Montreal Convention is to be interpreted "in accordance with" the precedent arising from the Warsaw Convention is dispositive here. In *King*, this Circuit held that the Warsaw Convention "create[ed]  a comprehensive liability system to serve as the exclusive mechanism for remedying injuries suffered in the course of the international transportation of persons, baggage, or goods performed by aircraft." 284 F.3d at 356-57. To the extent that New Fortune's claims fall within its "substantive scope," then, the Montreal Convention preempts its claims. *See id.* at 358. And "[i]n determining whether a claim is preempted because it falls within . . . the 'substantive scope'" of the Convention, we "look to the Convention's liability provisions," which "describe in further detail when an activity is part of the carriage of passengers and baggage" and goods. *Id.*

There are two relevant liability provisions of the Convention at issue here. The first is Article 19 of the Convention, which states that "[t]he carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo." Montreal Convention, Art. 19. The second is Article 18, which provides in relevant part that a carrier is "liable for damage sustained in the event of  . . . damage to  . . . cargo upon condition only that the event which caused the damage so sustained took place during the carriage by air." *Id.* at Art. 18. "Carriage by air" is defined as "the period during which the cargo is in the charge of the carrier." *Id*. at Art. 18 § 3. The Convention extends to carriage on land that "takes place in the performance of a contract for carriage by air, for the purpose of loading, delivery or transhipment," *id.* at Art. 18 § 4, with "any damage is presumed, subject to proof to the contrary, to have been the result of an event which took place during the carriage by air." *Id*.

New Fortune argues that the district court erred in dismissing its claims because its first amended complaint is best read as asserting claims for nonperformance, not claims for delay. Claims for nonperformance of a shipping contract do not fall within the scope of the Montreal Convention.  *See, e.g., Wolgel v. Mexicana Airlines,* 821 F.2d 442, 444-45 (7th Cir. 1987) (where airline refused to transport plaintiffs and did not offer alternative transport, the Montreal Convention did not preempt plaintiffs' state law claims because it did not apply to nonperformance); *Weiss v. El Al Israel Airlines, Ltd.*, 433 F. Supp. 2d 361, 368-69 (S.D.N.Y. 2006) (plaintiffs' claims were grounded in non-performance of contract and not preempted by Convention when plaintiffs were bumped from flight and airline failed to provide alternative transportation). We hold that the district court here correctly determined that the state law claims asserted here by New Fortune are preempted by the Montreal Convention. *See New Fortune Inc. v. Apex Logistics Int'l (CN) Ltd.*, No. 20-cv-4883, 2021 WL 309850, at * 2 (S.D.N.Y. 2021). ). We have not found in New Fortune's complaint an adequate claim of breach of contract or negligence amounting to nonperformance. Accordingly, we do not reach whether claims grounded in an alleged failure to perform a specific term of a contract apart from delivering by a specified date would be preempted. Instead, given the inadequacy of the complaint, we find there was no error.

New Fortune also challenges the district court's failure to sua sponte grant it leave to file a second amended complaint. We review a district court's decision to deny leave to amend for abuse of discretion. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). To

the extent that New Fortune relies on arguments made in its unsuccessful motion for reconsideration, it failed to notice an appeal from that order. *See* Fed. R. App. P 4(a)(4)(B)(ii)*; see also Sorensen v. City of New York,* 413 F.3d 292, 295-96 (2d Cir. 2005)."Although [Federal Rule of Civil Procedure] 15(a) provides that leave to amend a complaint shall be freely given when justice so requires," *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (internal quotation marks omitted), district courts may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," *TechnoMarine SA v. Giftports, Inc*., 758 F.3d 493, 505 (2d Cir. 2014) (internal quotation marks omitted). New Fortune argues that the district court abused its discretion in not permitting it to amend its complaint sua sponte to add claims pursuant to the Montreal Convention.

We find the district court acted well within the bounds of its discretion. New Fortune pled jurisdiction under the Montreal Convention in both its original and amended complaint, and Aeroflot admitted that allegation. *See* App'x at 22 ¶ 7 (Aeroflot "admits that Plaintiffs' claims arises out of an international shipment of cargo and are governed by the" Montreal Convention). It cannot be said that the district court abused its discretion in not sua sponte granting New Fortune leave to amend. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("While leave to amend under the Federal Rules of Civil Procedure is 'freely granted,' *see* Fed.R.Civ.P. 15(a), no court can be said to have erred in failing to grant a request that was not made.").

We have considered the remainder of New Fortune's arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk