21-2882-cv
*James v. Stewart*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty-three.

PRESENT: PIERRE N. LEVAL,
JOSÉ A. CABRANES,
WILLIAM J. NARDINI,
            *Circuit Judges.*

---

TERRELL JAMES,

                *Plaintiff-Appellant,*                    21-2882-cv

            v.

NEIL STEWART, in their individual capacities, and
SUSAN JEFFREY, in their individual capacities,

                *Defendants-Appellees,*

JOHN JAY COLLEGE OF CRIMINAL JUSTICE,
RAJENDRA SINGH, Director of Human Resources and
in their official capacities, DONALD V. GRAY,
Director, Office of Legal Counsel and in their official
capacities, ANTHONY BRACCO, Director of Facilities
at John Jay College and in their official capacities,
ANNE GOON, Administrative Superintendent and in
their official capacities,

                *Defendants.*

---

1

**FOR PLAINTIFF-APPELLANT:**     LENNOX S. HINDS, Lennox S. Hinds, Attorney at Law, New York, NY.

**FOR DEFENDANTS-APPELLEES:**     DAVID LAWRENCE III, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Matthew W. Grieco, Senior Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General for the State of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Terrell James is a maintenance worker at the City University of New York-John Jay College. Defendant-Appellees Neil Stewart and Susan Jeffrey were at different times James's supervisor.[1] This is James's second lawsuit against his employer and supervisors alleging discriminatory and retaliatory treatment. The first lawsuit was dismissed for failure to prosecute. Sp. App'x at 4–5.[2]

James appeals from the District Court's grant of summary judgment in favor of Appellees on his 42 U.S.C. § 1983 claims alleging racial discrimination, retaliation, and a "hostile" work environment. James further appeals the District Court's denial of his motion for leave to file a third amended complaint.

"We review *de novo* the District Court's grant of summary judgment, taking the facts in the light most favorable to the non-moving party." *1077 Madison St., LLC v. Daniels*, 954 F.3d 460, 463 (2d Cir. 2020). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[1] The District Court granted summary judgment as to Stewart on the ground that "[t]he events of which James complains occurred after Jeffrey replaced Stewart." Sp. App'x at 27 n.2. James does not challenge this aspect of the District Court's ruling on appeal. We therefore affirm the District Court's grant of summary judgment as to Stewart on that basis.

[2] James did not appeal that dismissal. James also did not appeal the District Court's dismissal of many of James's claims in the present lawsuit at the motion to dismiss stage. And James does not appeal the District Court's grant of summary judgment on James's state law claims.

Civ. P. 56(a).  "We review denials of leave to amend for abuse of discretion."  *Cohen v. Am. Airlines, Inc.*, 13 F.4th 240, 247 (2d Cir. 2021).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.

The first issue presented is whether the District Court properly granted summary judgment on James's § 1983 claims.

## A.

To prevail on either a racial discrimination or retaliation claim under § 1983, James must demonstrate that he was subject to an adverse employment action.  *Quinones v. City of Binghamton*, 997 F.3d 461, 466 (2d Cir. 2021) (retaliation claim); *Littlejohn v. City of New York*, 795 F.3d 297, 307, 312 (2d Cir. 2015) (racial discrimination claim).  The District Court granted summary judgment on both claims in part because James failed to identify any adverse employment action.  We agree that James failed to identify an adverse employment action.  We therefore need not address any of the other grounds identified by the District Court as supporting summary judgment on those claims.

James identifies as "adverse employment action[s]" Jeffrey's issuance of work orders which (1) "required [James] to work alone on a ladder" at high heights and (2) at times were for repairs to items not actually in need of repair.  A-231–34.  The undisputed evidence shows, however, that the work orders did not constitute adverse employment actions.

First, although James asserts that he was "required" to work alone on a ladder at high heights to change light bulbs, the work orders do not "require" that James work alone on a high ladder to complete the repair.  *See* A-53 (December 4, 2019 work order); 231–33; *see also* A-61 (April 30, 2019 work order).  Rather, the work orders simply state what needs repair and where that item is. *See id.* at 53.  James's claim that he was "required" to work alone on a ladder at high heights is not supported by the record and in this respect the contested work orders do not constitute adverse employment actions.[3]

Second, James's claim that he was issued work orders for repairs to items not actually in need of repair is not an adverse employment action.  James offers no basis for concluding that being sent to repair items that turned out not to need repair constitutes adverse action, which must be

---

[3] James had previously requested scaffolding to complete a work order, and—consistent with his employer's practice—Jeffrey ordered that scaffolding be provided.  James also could have requested that other workers assist him in completing the work orders.

"more disruptive than a mere inconvenience or an alteration of job responsibilities." *Joseph v. Leavitt*, 465 F.3d 87, 90 (2d Cir. 2006) (internal quotation marks and citation omitted).

Having found that James has not identified an "adverse employment action," we affirm the District Court's grant of summary judgment on James's § 1983 race discrimination and retaliation claims.[4]

**B.**

To prevail on a "hostile work environment" claim under § 1983, James must demonstrate that his "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Littlejohn*, 795 F.3d at 320–21 (citation omitted). James's hostile work environment claim is based on the same conduct underpinning his racial discrimination and retaliation claims: work orders to change light bulbs and, from time to time, receiving work orders for items not in need of repair. The identified conduct falls far short of the conduct required to sustain a hostile work environment claim. We therefore affirm the District Court's grant of summary judgment on James's hostile work environment claim.

**II.**

The next question presented is whether the District Court properly denied James's motion for leave to amend his complaint for a third time. In the proposed third amended complaint, James sought to add allegations stemming from his 2016 work territory assignment. The District Court denied James's motion because any amendment (1) would be futile and (2) would cause undue prejudice to the defendants.

We need not address whether the amendment would be futile because the District Court did not abuse its discretion in concluding that "[a]llowing James to amend his complaint following the close of discovery in this, his second lawsuit, would be highly prejudicial." Sp. App'x at 42. Moreover, James provides no explanation for why he did not add these allegations in either of his earlier two amendments to the complaint. *See MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998) ("[T]he district court plainly has discretion to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is made for the delay, and the amendment would prejudice the defendant." (internal quotation marks and citation omitted)). We

---

[4] The District Court concluded that an alternate ground for granting summary judgment was James's failure to comply with Local Rule 56.1. Sp. App'x at 32. We need not address that aspect of the District Court's ruling because we affirm the District Court's grant of summary judgment on substantive grounds.

4

therefore affirm the District Court's denial of James's motion for leave to amend the complaint for a third time.

## CONCLUSION

Having reviewed all of the remaining arguments raised by James on appeal and finding them to be without merit, we **AFFIRM** the District Court's judgment entered on November 16, 2021.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court