*Zappin v. Cooper*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand twenty-four.

PRESENT:

> DENNIS JACOBS,
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

ANTHONY ZAPPIN,

> *Plaintiff-Appellant*,

> v.                                                              No. 23-165

MATTHEW F. COOPER, LAUREN LIEBHAUSER,

> *Defendants-Appellees*,

KEVIN M. DOYLE, HANNAH YU, JANE DOE,

> *Defendants.*

_____

**For Plaintiff-Appellant:**      Anthony Zappin, *pro se*, North Myrtle Beach, SC.

**For Defendant-Appellee Matthew F. Cooper:**      Barbara D. Underwood, Solicitor General, Judith N. Vale, Deputy Solicitor General, Andrea W. Trento, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, New York, NY.

**For Defendant-Appellee Lauren Liebhauser:**      Steven C. Wu, Chief, Appeals Division, Molly Morgan, Assistant District Attorney, *for* Alvin L. Bragg, Jr., District Attorney of New York County, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 6, 2022 judgment of the district court is **AFFIRMED**.

Appellant Anthony Zappin, a disbarred attorney proceeding *pro se*, appeals from a judgment of the district court dismissing his claims under 42 U.S.C. § 1983 against the New York Supreme Court justice who presided over his divorce proceeding, various employees of the New York County District Attorney's Office

("DANY"), and a staff attorney for the Attorney Grievance Committee for the New York State Supreme Court, Appellate Division, First Department ("AGC"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The suit giving rise to this appeal is one of more than a dozen state and federal actions that Zappin has filed in relation to his divorce proceeding, his subsequent disbarment, and – as particularly relevant here – his arrest and prosecution by New York authorities. Zappin alleges that Justice Matthew Cooper and Lauren Liebhauser, then an investigator with DANY, conspired to initiate a baseless false-reporting prosecution against Zappin in retaliation for the various complaints and legal actions he had filed against Justice Cooper. By Zappin's telling, he reported Justice Cooper to the police in November 2016 after Justice Cooper approached and spit on him. A short time later – at Justice Cooper's urging and based on Liebhauser's false statements – police arrested Zappin and charged him with filing a false report. Although Zappin eventually pleaded guilty to the lesser offense of non-criminal disorderly conduct, he then filed this action, asserting claims under section 1983 for abuse of process, First Amendment retaliation, and conspiracy against Justice Cooper and Liebhauser, as

well as conspiracy claims against DANY prosecutor Hannah Yu, her unidentified supervisor Jane Doe, and AGC staff attorney Kevin Doyle.

After the district court *sua sponte* dismissed Zappin's claims against Yu, Doe, and Doyle, Zappin filed an amended complaint asserting claims only against Liebhauser and Justice Cooper, which each moved to dismiss. While those motions were pending, Zappin sought leave to file a second amended complaint against Liebhauser and Justice Cooper, asserting an additional section 1983 claim for conspiracy to use bail as punishment and various state law claims premised on the same set of alleged facts. In July 2021, the district court granted the defendants' motions to dismiss, holding (among other things) that Zappin's guilty plea to a lesser charge established probable cause barring his substantive claims. The district court later denied Zappin's motion for leave to file a second amended complaint and further enjoined Zappin from filing, without leave of the court, any future actions in the Southern District of New York concerning his divorce proceeding and related matters. Zappin sought reconsideration of this ruling, which was denied.

On appeal, Zappin argues that the district court erred in dismissing his abuse-of-process claim and denying him leave to assert new claims for conspiracy

4

under section 1983 and *prima facie* tort under state law. He also contends that the district court improperly denied him discovery, dismissed his claims against Doyle, Yu and Doe, and issued a filing injunction against him. We address each of these arguments in turn.

## I.    Dismissal of the Abuse-Of-Process Claim

Of the four claims alleged in his first amended complaint, Zappin challenges only the district court's dismissal of, and denial of leave to re-plead, his abuse-of-process claim. We review *de novo* the district court's grant of a motion to dismiss and denial of leave to amend for failure of the proposed amendment to state a claim. *See Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015).

"[S]ection 1983 liability may lie for malicious abuse of criminal process," since "[i]n the criminal context, malicious abuse of process is by definition a denial of procedural due process." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994) (internal quotation marks omitted). "[W]e turn to state law to find the elements of the malicious abuse of process claim" brought under section 1983. *Id.* Under New York law, a plaintiff must allege that the defendant "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act[,] (2) with intent to do harm without excuse [or] justification, and (3) in order to obtain a

collateral objective that is outside the legitimate ends of the process." *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003) (internal quotation marks omitted).

In dismissing Zappin's abuse-of-process claim and denying him leave to amend, the district court concluded that Zappin's guilty plea to disorderly conduct established probable cause for his arrest and prosecution for falsely filing a police report. On appeal, Zappin does not dispute that his guilty plea establishes probable cause; he instead asserts that the district court erred in holding that probable cause negates his abuse-of-process claim as a matter of law. We have previously observed that "[t]here has been considerable confusion within our Circuit regarding whether probable cause is a complete defense to a claim of abuse of process under New York law." *Mangino v. Inc. Vill. of Patchogue*, 808 F.3d 951, 958 (2d Cir. 2015). But whatever confusion may exist on this point, we need not resolve it today, since we are able to affirm the dismissal of the abuse-of-process claim on other grounds. *See Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d 361, 366 (2d Cir. 2014) (explaining that we "may affirm on any basis supported by the record").

Put simply, Zappin fails to plausibly state any facts, beyond his conclusory allegations, that Cooper and Liebhauser pursued his prosecution for any improper

6

purposes.  *See Savino*, 331 F.3d at 77 (explaining that a plaintiff must allege that defendants "aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution").  Instead, Zappin repeatedly asserts that Justice Cooper engineered the criminal prosecution to retaliate against Zappin for the numerous complaints and legal actions he had filed against Justice Cooper.  But allegations that Justice Cooper "[was] seeking to retaliate against [Zappin] by pursuing his arrest and prosecution," without more, are insufficient, *Savino*, 331 F.3d at 77, and suggest only that he "acted maliciously" in instigating the prosecution, which is also insufficient, *Curiano v. Suozzi*, 63 N.Y.2d 113, 117 (1984).  Nor does the complaint plausibly allege that Justice Cooper misused the prosecution and related order of protection after their issuance to further any improper objectives.[1] *See id.* ("[T]he gist of the action for abuse of process . . . is the improper use of process after it is issued." (internal quotation marks omitted)); *see also Hauser v. Bartow*, 273 N.Y. 370, 373 (1937) ("The action is not for the wrongful bringing of an action or prosecution, but for the improper use, or rather abuse, of process in

---

[1] We need not credit Zappin's allegations that are plainly contradicted by materials incorporated into the complaint or appropriately judicially noticed, *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002), or his entirely speculative allegations of misconduct, *see Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018) ("A litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory.").

7

connection therewith." (internal quotation marks omitted)). Moreover, although Zappin repeatedly lumps Justice Cooper and Liebhauser together, his specific allegations – in both his amended complaint and his proposed second amended complaint – refer only to Justice Cooper's improper (and legally insufficient) motive to retaliate against him.

Given his failure to adequately plead anything more than an improper motive on the part of Justice Cooper, Zappin's abuse-of-process claim against Justice Cooper and Liebhauser necessarily fails. We therefore affirm the district court's decision to dismiss, and to deny the request for leave to re-plead, that claim. *See Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 309 (2d Cir. 2022) (affirming denial of leave where amendment would be futile).

## II. Denial of Leave to Amend to Add New Claims

Zappin also contends that the district court improperly denied him leave to further amend his complaint to assert new claims alleging conspiracy to use bail as punishment under section 1983 and *prima facie* tort under New York law. We review denials of leave to amend for abuse of discretion. *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). Although leave to amend should be given freely "when justice so requires," Fed. R. Civ. P. 15(a)(2), a "district court has broad

8

discretion in determining whether" to deny such leave, *id.*, and may do so "for good reason, including futility, bad faith, undue delay, *or* undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (emphasis added) (internal quotation marks omitted).

We find no abuse of discretion in the district court's denial of leave to amend. While Zappin contends that the amendment would not be futile, he does not address the district court's additional grounds for denying leave to amend: his request was brought in bad faith, was unduly delayed, and would cause undue prejudice to the defendants. Accordingly, he has forfeited any challenge to the district court's ruling as to those grounds. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered [forfeited] and normally will not be addressed on appeal."); *see Cohen v. Am. Airlines, Inc.*, 13 F.4th 240, 247 (2d Cir. 2021) (concluding plaintiff forfeited challenge to denial of leave by failing to address district court's ruling that amendment was sought in bad faith).

In any event, the district court properly considered the "extensive evidence" of Zappin's continuous and vexatious efforts to bring actions against Justice Cooper and other New York state officials when it denied Zappin leave to amend.

9

Zappin App'x at 268; *see also id.* at 175–95. At least as far back as 2017, Zappin has pleaded claims in federal court based on the same underlying facts — the November 2016 incident — against the same set of defendants. Notwithstanding this lengthy history, Zappin waited thirteen months after the filing of his initial complaint in this case, and two months after the defendants' motions to dismiss his first amended complaint had been fully briefed, before seeking leave to amend his complaint a second time to assert new theories of liability based on these same underlying facts. *See, e.g.*, *United States v. Cardroom Int'l, LLC*, 726 F. App'x 98, 100 (2d Cir. 2018) (finding no abuse of discretion to deny party leave to amend "to assert a totally new theory over a year" after its initial filing, where "the facts underlying its new theory were clearly available to it when it filed its initial claim"). We therefore see no abuse of discretion in the district court's decision to deny Zappin leave to file yet another complaint. *See Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) (explaining that district courts may deny leave "in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive").

## III. Denial of Discovery

Zappin next argues that the district court abused its discretion in denying his requests for discovery pending resolution of defendants' motions to dismiss.

But the law is clear that discovery is not warranted where, as here, a plaintiff has "failed adequately to state a claim."   *Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016); *see also S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 114 (2d Cir. 2009) (concluding that a plaintiff's "speculation" that discovery would reveal facts to support the complaint's claims "underscores, rather than cures, the deficiency in the [c]omplaint").   As explained above, Zappin has not plausibly alleged an abuse-of-process claim, and he does not otherwise challenge the district court's dismissal of his first amended complaint. The district court therefore did not err in refusing his requests to conduct discovery.

**IV.    Dismissal of Claims Against Doyle, Yu, and Doe**

Zappin also contends that the district court erred in dismissing *sua sponte* his conspiracy claims against Doyle, Yu, and Doe in his original complaint. Again, we disagree.

First, because Zappin sought leave to proceed *in forma pauperis*, the district court properly reviewed the complaint *sua sponte* for any claims that were frivolous, failed to state a claim, or sought monetary relief from a defendant with immunity.   28 U.S.C. § 1915(e)(2)(B); *see Fitzgerald v. First E. Seventh St. Tenants*

11

*Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000). Second, the district court did not err in concluding that *res judicata* barred Zappin's claims against Doyle – claims he had, or could have, asserted in a prior suit against Doyle that was adjudicated on the merits (and which we affirmed on appeal). *See Zappin v. Doyle*, 756 F. App'x 110, 112 (2d Cir. 2019) (affirming Rule 41(b) dismissal with prejudice); *see also Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

Finally, Zappin contends that Yu and Doe were not entitled to prosecutorial immunity. But Yu and Doe's alleged conduct here – making statements at Zappin's arraignment, arguing for bail, and requesting a temporary order of protection – was "intimately associated with the judicial phase of the criminal process" and thus entitled to absolute immunity. *See Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). And even if some of their alleged acts could be said to be "investigative" such that absolute immunity does not apply, *id.* at 166, the original complaint offered only conclusory and vague allegations about any agreement Yu and Doe had among themselves or others to deprive Zappin of his constitutional rights. Accordingly, Zappin again failed to state a claim for relief. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002); *see also Coulter*, 753 F.3d at 366.

12

## V.    Issuance of the Filing Injunction

Although Zappin also challenges the district court's entry of a filing injunction against him, he forfeited that aspect of his appeal by offering no argument other than an incorporation by reference of arguments raised in the district court.   *See Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203 n.1 (2d Cir. 2013) ("Appellants do not preserve questions for appellate review by merely incorporating an argument made to the district court by reference in their brief." (internal quotation marks omitted)).

But even if we were to consider those arguments on the merits, we cannot say that the district court abused its discretion when it enjoined Zappin from "instituting further vexatious, harassing[,] or repetitive proceedings arising out of" his divorce proceedings and related disciplinary and criminal matters.   *See Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 25 (2d Cir. 1986); *see also Eliahu v. Jewish Agency for Isr.*, 919 F.3d 709, 713 (2d Cir. 2019) (reviewing a filing injunction for abuse of discretion).   As the record demonstrates:   (1) Zappin was on notice of Justice Cooper's motion for a filing injunction and had the opportunity to, and in fact did, respond to that motion, *see Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998); (2) the district court considered the five factors set out in *Safir* and reasonably

13

concluded that each supported the imposition of an injunction, *see* Zappin App'x at 186–95; and (3) the injunction is appropriately tailored to prevent Zappin only from filing future, related actions without the district court's permission, *id.* at 195.

We have considered Zappin's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

14