24-850-cv
Lee v. Delta Air Lines, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-five.

PRESENT:  RAYMOND J. LOHIER, JR.,
          JOSEPH F. BIANCO,
                *Circuit Judges*,
          JESSE M. FURMAN,
                *District Judge.**

------------------------------------------------------------------

JAE SOOG LEE,

     *Plaintiff-Appellant*,

    v.                                                      No. 24-850-cv

DELTA AIR LINES, INC.,

     *Defendant-Appellee*,

* Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

JANE DOE, JOHN DOE,

    *Defendants.*

--------------------------------------------------------------------

FOR APPELLANT:                  Jae Soog Lee,
*pro se*, Uniondale, NY

FOR APPELLEE:                 Michael Maragoudakis, Louis R. Martinez, Martinez Ritorto & Maragoudakis, P.C., New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Jae Soog Lee, a practicing New York attorney proceeding *pro se*, appeals from a March 25, 2024 judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*) granting summary judgment to Delta Air Lines, Inc. on Lee's claim under 42 U.S.C. § 1981 and denying her motion to amend her complaint. Lee, who is Korean-American, alleged that Delta discriminated against her on the basis of race during an incident involving a contested first-class seat assignment on a short-haul domestic flight. We assume the parties' familiarity with the underlying facts and the record of prior

2

proceedings, to which we refer only as necessary to explain our decision to affirm.

We begin with the District Court's grant of summary judgment, which we review *de novo*, resolving all ambiguities and drawing all inferences against the moving party. *See Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). We analyze § 1981 claims under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which requires a plaintiff to establish a prima facie case of discrimination, after which the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions. If the defendant carries this burden, the plaintiff must then show that the articulated reason is a pretext for discrimination. *See Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012); *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010).

On appeal, Lee argues that genuine disputes of material fact should have precluded summary judgment. We are not persuaded. Even assuming that Lee established a prima facie case of racial discrimination, the District Court correctly concluded that Lee failed to rebut Delta's legitimate, non-discriminatory reason for its conduct. Delta presented evidence that its gate

3

agent changed Lee's seat assignment from first class to the "Comfort Plus" section to upgrade a Delta Diamond Medallion member before knowing the identity or race of the passenger whose seat was being reassigned. Delta also offered unrebutted evidence that its supervisor resolved the incident by permitting Lee to occupy her originally assigned first-class seat for the flight. Lee provided no admissible evidence showing that Delta's explanation was pretextual.

The District Court properly declined to credit Lee's affidavit, which contradicted her prior deposition testimony that neither the gate agent nor the agent's supervisor made racially derogatory remarks to her. *See In re Fosamax Prods. Liab. Litig.*, 707 F.3d 189, 193 (2d Cir. 2013); *Mack v. United States*, 814 F.2d 120, 124 (2d Cir. 1987). The District Court also appropriately disregarded the purported deposition and affidavit of a former flight attendant, which Magistrate Judge Tiscione had excluded because they failed to comply with the Federal Rules of Civil Procedure. Without these materials, Lee's claim of discrimination rests on speculation and conclusory allegations, which are insufficient to defeat summary judgment. *See Penn v. N.Y. Methodist Hosp.*, 884 F.3d 416, 423 (2d Cir. 2018); *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 104 (2d Cir. 2001). Accordingly, we

4

affirm the grant of summary judgment in Delta's favor.

Next, we review the District Court's denial of leave to amend for abuse of discretion, reviewing *de novo* "any conclusions of law inherent in the ruling." *McCracken v. Verisma Sys., Inc.*, 91 F.4th 600, 609 (2d Cir. 2024). Lee contends that the District Court erred in relying on Federal Rule of Civil Procedure 16(b) rather than applying the more liberal amendment standard under Rule 15(a). We disagree. When a scheduling order establishes a deadline after which no amendment will be permitted, a party seeking to amend after that deadline must show "good cause" under Rule 16(b)(4). *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). Here, Magistrate Judge Tiscione set December 4, 2020 as the "[d]eadline for motions to join new parties or amend pleadings." App'x 4. Lee did not seek to amend her complaint until August 29, 2022, over twenty months after the deadline. The District Court correctly determined that Lee failed to demonstrate good cause because she was aware of her proposed amendments to the complaint long before the deadline. Delta disclosed the identities of the Doe defendants Lee sought to name in her amended complaint nearly two months before the deadline, and Lee's new factual allegations and state law claims were based on conduct she allegedly experienced firsthand and could therefore have

5

pleaded in her original complaint.

Even assuming the more liberal standard of Rule 15(a) applies, the District Court did not abuse its discretion in concluding that Lee's amendment would cause undue delay and prejudice to Delta. *See Cohen v. Am. Airlines, Inc.*, 13 F.4th 240, 247 (2d Cir. 2021). Lee's amendment would likely have required reopening discovery and commencing new motion practice after summary judgment briefing had already been completed. *See Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (observing that amendments are "especially prejudicial" when "discovery ha[s] already been completed and [the defendant] ha[s] already filed a motion for summary judgment"); *accord AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 727 (2d Cir. 2010).

Finally, we affirm the District Court's dismissal with prejudice of the four claims that Lee sought to withdraw in her proposed amended complaint. Dismissal with prejudice was appropriate because Lee was not diligent in bringing her motion to amend, the suit had progressed through discovery and summary judgment briefing such that relitigation would impose additional expense on Delta, and Lee provided no explanation for seeking to withdraw the claims. *See Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

6

We have considered Lee's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court